**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Leslie Jackson, | No. CV-17-01066-PHX-DJH (JZB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE DIANE J. HUMETEWA, UNITED STATES DISTRICT JUDGE:

Petitioner Kenneth Leslie Jackson has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 12.)

## I.    SUMMARY OF CONCLUSION.

On December 8, 2010, Petitioner was sentenced pursuant to a guilty plea. On July 8, 2011, this Court dismissed his first habeas petition to allow Petitioner to exhaust his claims in state court. Petitioner was expressly warned that a subsequent habeas petition had a one-year statute of limitation. Petitioner's first PCR matter was dismissed on February 13, 2012. Petitioner waited more than two years to file a second PCR proceeding, and did not file this Petition until April 5, 2017. Statutory tolling does not apply because Petitioner's PCR proceedings were untimely. Equitable tolling does not apply because Petitioner has not exercised reasonable diligence in pursuing his claims. The Court will recommend the Petition be dismissed as untimely.

## II.   BACKGROUND.

### a.   Facts.

The Probable Cause Statement includes a summary of the underlying facts of Petitioner's offense:[1]

> On 12/15/09 at 1520 hours, [Petitioner came] to the front desk of Phoenix Police Headquarters at 620 West Washington asking to speak to a homicide detective. . . .
>
> [Petitioner] was subsequently interviewed by Det. Rodriguez 4639 and gave the following information:
>
> A few days before Thanksgiving in 1988, [Petitioner] killed a 60 to 70 year old black male in the projects off of 16th street. At the time, [Petitioner] was heavily involved in drugs and needed money to get high. The victim was an acquaintance [Petitioner] knew only by the name, Mr. Moreland, who had once given him a ride.
>
> According to [Petitioner], sometime between 2300 to 0100 hours, [Petitioner] went [to] the victim's apartment and knocked on the door. When the victim opened the door in his pajamas, [Petitioner] pulled a stick from under his coat and hit the victim. The victim stumbled back, fell to the floor and [Petitioner] began beating the victim with a brick, so hard the skull came apart. [Petitioner] then went to the victim's kitchen and obtained a knife which he used to stab the victim in the left side of his neck.
>
> After killing the victim, [Petitioner] put a bed pillow over the victim's face because he didn't want to look at him. [Petitioner] also stole the victim's wallet and used the 100 bill he found in it to buy drugs.
>
> . . .
>
> Det. Rodriguez later located incident report 88153889 which documented the murder of 78 year old Marlin Darton who was found beaten with a brick at 1617 East Monroe street on 11/23/88 at 0832 hours. When Det. Rodriguez pulled the departmental report, she was able to confirm the details provided by [Petitioner] were consistent with what actually occurred.

(Doc. 14-1, Ex. A, at 7.)

---

[1] In Arizona, the factual basis for a guilty plea "may be ascertained from the record including pre-sentence reports, preliminary hearing reports, admissions of the defendant, and from other sources." *State v. Varela*, 120 Ariz. 596, 598 (1978).

**b.     Plea and Sentencing.**

On November 23, 2010, Petitioner pleaded guilty to one count of second degree murder (amended Count 1). (Doc. 14-1, Ex. C, at 15.) On December 8, 2010, the trial court sentenced Petitioner to a term of 15 years imprisonment. (Doc. 14-1, Ex. D, at 19.)

**c.     First Habeas Proceeding.**

On June 1, 2011, Petitioner filed his first petition for habeas corpus. On July 8, 2011, the Court found that it "is not clear whether Petitioner's claims would be procedurally barred if he were to present them now in state court. For that reason, this Court will summarily dismiss the Petition without prejudice so that Petitioner may attempt to exhaust his claims in state court." (Doc. 14-1, Ex. F, at 89-90.) The Court also warned that "Petitioner is informed there is a one-year statute of limitation in which to file a federal habeas petition, which runs from the latter of 'the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review,' 28 U.S.C. § 2244(d)(1), excluding '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" (*Id*. at 90.)

**c.     First Post-Conviction Relief Proceeding.**

On August 16, 2011, Petitioner mailed his first notice of post-conviction relief. (Doc. 14-1, Ex. G, at 93.) The court allowed the matter to proceed warning that "[t]his allowance does not constitute any expression of opinion that [Petitioner] has met the requirements to file an untimely petition." (Doc. 14-1, Ex. I, at 155.) On January 26, 2012, Petitioner signed a request for dismissal of the PCR proceeding. (Doc. 14-1, Ex. K, at 164.) On February 13, 2012, Petitioner's first PCR proceeding was dismissed. (Doc. 14-1, Ex. L, at 166.)

**d.     Second Post-Conviction Relief Proceeding.**

On August 8, 2014, Petitioner mailed his second notice for post-conviction relief. (Doc. 14-1, Ex. M, at 170.) In his second PCR, Petitioner alleged ineffective assistance of his first PCR counsel. (*Id*.) On September 5, 2014, the court ruled that Petitioner's second PCR was untimely and dismissed the proceeding. (Doc. 14-1, Ex. O, at 180.)

On September 26, 2014, Petitioner submitted a petition for review to the Arizona Court of Appeals regarding the denial of his second PCR. (Doc. 14-1, Ex. P, at 183.) On September 27, 2016, the court granted review but denied relief explaining that "[Petitioner] could have raised his [ineffective assistance of counsel] claim in a timely second post-conviction-relief proceeding." (Doc. 14-1, Ex. Q, at 199.)

### e.      Petitioner's Second Habeas Petition.

On April 5, 2017, Petitioner filed the instant Petition. (Doc. 1 at 11.)

> In Ground One, Petitioner alleges that police violated his Fifth and Sixth Amendment rights by failing to advise him of his Miranda rights. In Ground Two, Petitioner alleges that his Fifth and Sixth Amendment rights were violated where he was not provided counsel after requesting counsel. In Ground Three, Petitioner alleges that his plea agreement is unconstitutional because it stemmed from an original charge of first degree murder and first degree burglary after violating Petitioner's constitutional rights. In Ground Four, he alleges that he received the ineffective assistance of Rule 32 counsel in violation of his Fifth, Sixth, and Fourteenth Amendment rights.

(Doc. 7 at 2.)

On October 4, 2017, Respondents filed a Limited Response. (Doc. 14.) On November 3, 2017, Petitioner filed a Reply. (Doc. 15.)

### III.   DISCUSSION.

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United Sates. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244. Whether a petition is barred by the statute of limitations is a threshold issue that must be resolved before considering other procedural issues or the merits of individual claims.

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, Petitioner pleaded guilty, so his PCR proceedings were equivalent to direct review. *Summers v. Schiro*, 481 F.3d 710, 716-17 (9th Cir. 2007) ("Because a Rule 32 of-

right proceeding is a form of direct review, AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review."). "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz. R. Crim. P. 32.4(a)). Petitioner was afforded five additional days under Ariz. R. Crim. P. 1.3(a).

Petitioner was sentenced on December 8, 2010. (Doc. 14-1, Ex. D, at 2.) Accordingly, his time to file a notice of PCR expired 95 days after sentencing. His one-year habeas statute of limitations began running thereafter, on March 13, 2011, and expired one year later, on March 13, 2012. Therefore, the habeas Petition was due on or before March 13, 2012, absent statutory or equitable tolling. The Petition was not filed until April 4, 2017. (Doc. 1.)

### a. Statutory Tolling.

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In Arizona, post-conviction review is pending once a PCR notice is filed. *See Isley v. Arizona Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred.").

But a state PCR petition that is not filed within the state's required time limit is not "properly filed," and, therefore, a petitioner is not entitled to statutory tolling during those proceedings. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."); *Allen v. Siebert*, 552 U.S. 3, 6 (2007) (finding that inmate's untimely state post-conviction petition was not "properly filed" under the AEDPA's tolling provision).

Here, Petitioner did not properly file his first PCR proceeding. By the time Petitioner filed his second PCR, the statute of limitations had run. "Therefore, because the limitations period had already run, tolling the one-year statute for the period that [petitioner's] action was pending in state court would not make his federal habeas petition timely since he waited more than one year after the state court decision before he filed the petition in this case." *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000). Accordingly, Petitioner is not entitled to statutory tolling.

### b.    Equitable Tolling.

Petitioner is not entitled to equitable tolling because he has not shown extraordinary circumstances and that he diligently pursued his claims. "A petitioner who seeks equitable tolling of AEDPA's one-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 560 U.S. at 653 (citations omitted). Reasonable diligence requires only "the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011).

Here, Petitioner has not exercised reasonable diligence in pursuing his claims in this Court. The Court assumes Petitioner made an honest mistake of filing his first habeas

petition before he filed his first PCR proceeding. After his habeas proceeding was dismissed (on July 8, 2011 to allow Petitioner to exhaust his claims in state court), Petitioner promptly filed his first PCR petition on August 16, 2011. (Doc. 14-1, Ex. G, at 93.) Petitioner's first PCR proceeding was dismissed on February 13, 2012. (Doc. 14-1, Ex. L, at 166.) Importantly, Petitioner then took no action for more than two years. Petitioner filed his second PCR proceeding on August 8, 2014 (doc. 14-1, Ex. M, at 170), and did not file his second federal habeas petition until April 5, 2017 (doc. 1). Petitioner was expressly warned by this Court that "there is a one-year statute of limitation in which to file a federal habeas petition . . . ."[2] Petitioner offers no excuse to explain the extensive delay in filing the instant habeas petition. In his Reply, Petitioner argues that his attorneys were ineffective in giving him advice regarding his early appeal and PCR proceedings. (Doc. 15 at 5-10.) But Petitioner never explains why, at a minimum, he waited more than two years after his first PCR petition was dismissed to take any further action in his case. Even if the Court excused all of the time from his sentencing to the dismissal of his first PCR proceeding, Petitioner has not demonstrated reasonable diligence in pursuing his claims.

Petitioner has not argued or proven that he is entitled to the actual-innocence exception to the statute of limitations. Also, Petitioner's guilty plea would minify a claim of actual innocence. *See Chestang v. Sisto*, 522 Fed. App'x. 389, 390 (9th Cir. 2013) (finding petitioner's guilty plea "seriously undermine[d]" a claim of actual innocence).

**IV. CONCLUSION**

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that

---

[2] "If Petitioner is denied relief in the state court on his federal claims, he may then seek federal habeas relief. However, Petitioner is informed there is a one-year statute of limitation in which to file a federal habeas petition, which runs from the latter of 'the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review,' 28 U.S.C. § 2244(d)(1), excluding '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" (Doc. 14-1, Ex. F, at 89-90.)

Petitioner's claims are untimely. The Court will recommend that the Petition for Writ of Habeas Corpus (doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus (doc. 1) pursuant to 28 U.S.C. § 2244 be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 16th day of February, 2018.

Honorable John Z. Boyle
United States Magistrate Judge

- 8 -