**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Leslie Jackson,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Respondents. | No. CV-17-01066-PHX-DWL<br><br>**ORDER** |

On April 5, 2017, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 ("the Petition"). (Doc. 1.) On February 16, 2018, Magistrate Judge Boyle issued a Report and Recommendation ("R&R") concluding the Petition should be denied and dismissed with prejudice. (Doc. 16.) Afterward, Petitioner filed written objections to the R&R (Doc. 21) and Respondents filed a response (Doc. 22). As explained below, the Court will deny Petitioner's objections.

I.  Background

In December 2009, Petitioner came to the Phoenix Police Department, asked to speak with a homicide detective, and proceeded to confess that he had murdered another man in 1988. (Doc. 16 at 2.) The detective subsequently located an old police report from 1988 that corroborated Petitioner's confession. (*Id.*)

In November 2010, Petitioner pleaded guilty to one count of second-degree murder in Arizona state court. (*Id.* at 3.) In December 2010, Petitioner was sentenced to 15 years' imprisonment. (*Id.*)

|   |   |
|---|---|
| 1 | In June 2011, Petitioner filed a habeas corpus petition under 28 U.S.C. § 2254, but in July 2011, this Court "summarily dismiss[ed] the petition without prejudice so that Petitioner may attempt to exhaust his claims in state court." (Doc. 16 at 3 [quoting 2:11-cv-1120-NVW-LOA, Doc. 5 at 4.].) The Court's dismissal order further stated: "Petitioner is informed there is a one-year statute of limitation in which to file a federal habeas petition, which runs from the latter of 'the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review,' 28 U.S.C. § 2244(d)(1), excluding '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" (*Id.*) |

In June 2011, Petitioner filed a habeas corpus petition under 28 U.S.C. § 2254, but in July 2011, this Court "summarily dismiss[ed] the petition without prejudice so that Petitioner may attempt to exhaust his claims in state court." (Doc. 16 at 3 [quoting 2:11-cv-1120-NVW-LOA, Doc. 5 at 4.].) The Court's dismissal order further stated: "Petitioner is informed there is a one-year statute of limitation in which to file a federal habeas petition, which runs from the latter of 'the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review,' 28 U.S.C. § 2244(d)(1), excluding '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" (*Id.*)

In August 2011, Petitioner mailed his first notice of post-conviction relief. (Doc. 16 at 3.) However, in January 2012, Petitioner asked that this PCR claim be dismissed. (*Id.*) In February 2012, the court granted this request and dismissed the claim. (*Id.*)

In August 2014, Petitioner mailed his second notice of post-conviction relief, alleging that his initial PCR counsel was ineffective. (Doc. 16 at 3.) In September 2014, the court dismissed this claim on untimeliness grounds. (*Id.*)

In September 2014, Petition sought review, in the Arizona Court of Appeals, of the dismissal of his second PCR proceeding. (Doc. 16 at 4.) In September 2016, the court granted review but denied relief. (*Id.*)

In April 2017, Petitioner filed the Petition. (Doc. 1.) It asserts four claims: (1) the police violated Petitioner's Fifth and Sixth Amendment rights by failing to advise him of his *Miranda* rights; (2) the police violated Petitioner's Fifth and Sixth Amendment rights by failing to comply with his request for counsel; (3) Petitioner's plea agreement was unconstitutional; and (4) Petitioner received ineffective assistance of PCR counsel in violation of his Fifth, Sixth, and Fourteenth Amendment rights. (Doc. 16 at 4.)

The R&R concludes the Petition was untimely filed. First, the R&R states that the Petition wasn't filed within AEDPA's one-year statute of limitations because (1) under Arizona law, Petitioner had until March 2011 to provide notice of his intention to pursue

PCR proceedings, (2) Petitioner failed to do so within this timeframe, (3) AEDPA's one-year statute of limitations therefore began running in March 2011 and expired in March 2012, and (4) the Petition wasn't filed until 2017. (Doc. 16 at 4-5.) Second, the R&R states that Petitioner isn't entitled to "statutory tolling" because that doctrine applies only during the pendency of a *timely*-filed PCR proceeding, and Petitioner's PCR proceedings in this case were untimely. (*Id.* at 5-6.) Third, the R&R states that Petitioner isn't entitled to "equitable tolling" because he was specifically warned, in this Court's July 2011 order dismissing his prematurely-filed habeas petition, that he would need to file any subsequent habeas petition within one year of the conclusion of state proceedings, yet he "waited more than two years after his first PCR petition was dismissed to take any further action in this case" without explaining the extensive delay. (*Id.* at 7.) The R&R concludes that "[e]ven if the Court excused all of the time from his sentencing to the dismissal of his first PCR proceeding, Petitioner has not exhibited reasonable diligence in pursuing his claims." (*Id.*)

II.     Legal Standard

A party may file specific, written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"); *see also* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1221 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Section 2254 Rules 8(b); *see also* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

…

…

III. <u>Analysis</u>

The only objection that Petitioner asserts with specificity is that he is eligible for equitable tolling because the attorney who represented him during his initial PCR proceeding, and who advised him to seek dismissal of that proceeding, also advised him that he could "ask the Court to drop [his] Rule 32, and file a second Rule 32 in the future" and that he "would still be on time." (Doc. 21 at 10-11.) Petitioner claims his attorney "failed to inform [him] that there were deadlines in filing a second on time Rule 32" and thus "manipulated [Petitioner] into a situation that [the attorney] knew would be impossible for [Petitioner] to get out of. That was not a harmless error, it was deceitful." (Doc. 21 at 10-11.) Petitioner continues that he "was deceived into thinking he was on time" when he filed his second PCR notice in 2014 and that "[u]nder 'AEDPA,' egregious lawyer misconduct may constitute as an 'extraordinary circumstance,' and triggers equitable tolling." (Doc. 21 at 16-17.)

Respondents counter that (1) Petitioner was specifically told by the trial judge at sentencing that he "had 90 days to file" his first PCR notice, yet he waited until August 2011 (well after the March 2011 deadline) to do so, (2) Petitioner's asserted lack of legal sophistication can't excuse his untimeliness because he was specifically advised by this Court, in July 2011, that he only had one year from the termination of state proceedings to pursue federal habeas relief, and (3) Petitioner's complaints about the advice provided by his first PCR attorney don't explain why he waited more than two years, after his first PCR notice was dismissed, to file another one. (Doc. 22 at 1-2.)

The Court agrees with the R&R's conclusion that Petitioner isn't entitled to equitable tolling. Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and the "threshold necessary to trigger equitable tolling is very high lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002) (citation omitted). Accordingly, the Ninth Circuit has stated that equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. That determination is highly fact-dependent

and [the prisoner] bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (citations and internal quotation marks omitted).

Here, Petitioner hasn't established that he was subjected to "extraordinary circumstances" that made it "impossible" for him to seek timely relief. Petitioner simply asserts that, at the time he chose to dismiss his first PCR notice, his attorney said it would be possible to file a second timely PCR notice. Notably, Petitioner doesn't allege this attorney gave him any particular advice about how quickly the new notice needed to be filed, doesn't allege this attorney promised to file a timely second notice on his behalf, and doesn't allege this attorney assured him it would be permissible to wait more than two years before doing so (which is what Petitioner ultimately did). Moreover, at the time of this exchange, Petitioner had already been advised by the trial judge, in the underlying state proceeding, that he needed to pursue PCR relief within 90 days and had been advised by this Court (in its July 2011 order) that he needed to pursue habeas relief within one year of the conclusion of his state proceedings.

Although an attorney error may constitute an extraordinary circumstance warranting equitable tolling, the error must be "sufficiently egregious." *See, e.g., Spitsyn v. Moore*, 345 F.3d 796, 800-01 (9th Cir. 2003) (finding that attorney's conduct was "sufficiently egregious" to warrant equitable tolling where attorney was hired nearly a full year in advance of the deadline but completely failed to prepare and file a petition, was contacted by petitioner and his mother numerous times by telephone and in writing, and, despite petitioner's request, retained the file beyond the expiration of the statute of limitations); *Doe v. Busby*, 661 F.3d 1001, 1013 (9th Cir. 2011) (applying equitable tolling where petitioner's three-year delay in filing a *pro se* petition was attributable to "having been deceived, bullied and lulled by an apparently inept and unethical lawyer" who failed to file a timely petition despite numerous promises to the contrary). Petitioner's allegations here fail to satisfy that standard. *Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010) ("[C]ounsel's incorrect advice with respect to the time frame in which to file a state habeas

case did not prevent Randle from filing his *federal* habeas petition on time. To the extent that his counsel's negligence in miscalculating the filing deadlines in his state proceedings resulted in Randle also missing the federal deadline, . . . an attorney's negligence in calculating the limitations period for a habeas petition does not constitute an 'extraordinary circumstance' warranting equitable tolling.").[1]

Accordingly, **IT IS ORDERED** that:

(1) The R&R (Doc. 16) is accepted;

(2) The Petition (Doc. 1) is denied and dismissed with prejudice;

(3) A Certificate of Appealability and leave to proceed in forma pauperis on appeal are denied because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable; and

(4) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 5th day of February, 2019.

Dominic W. Lanza
United States District Judge

---

[1] Because Petitioner has not met his burden of establishing an extraordinary circumstance, it is not necessary to address the diligence element of his equitable tolling claim. *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2005) ("We need not address the diligence element because we conclude that no extraordinary circumstance stood in [petitioner's] way.").